ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| COOPERATIVA DE AHORRO Y CRÉDITO DE ARECIBO<br><br>Recurrente<br><br>v.<br><br>LUZ MERCY SÁNCHEZ WALKER<br><br>Recurrida | TA2025CE00322 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV03369<br><br>Sobre:  Cobro de dinero - ordinario |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 10 de noviembre de 2025.

Compareció ante nos la peticionaria, la Cooperativa de Ahorro y Crédito de Arecibo (en adelante, "peticionaria" o "Cooperativa") mediante el recurso de *Certiorari* presentado el 20 de agosto de 2025. Nos solicitó la revisión de la *Orden,* emitida y notificada el 16 de julio de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante esta, el Foro Primario denegó una solicitud de ejecución de sentencia, por haber sido devuelta la notificación del dictamen.

Por los fundamentos que exponemos a continuación, se **expide** el recurso de *Certiorari* y se **revoca** la *Resolución* recurrida.

### -I-

El 11 de abril de 2024 la Cooperativa presentó una *Demanda* sobre cobro de dinero en contra de la recurrida, Luz Mercy Sánchez Walker (en adelante, "recurrida" o "señora Sánchez Walker").[1] En esta, alegó que la señora Sánchez Walker financió un vehículo de motor con la Cooperativa, por medio de un *Contrato de Venta*

---

[1] Apéndice del peticionario, Entrada Núm. 1.

*Condicional a Plazos.* Arguyó que esta incumplió con su obligación de pago, por lo que reposeyó el referido vehículo. No obstante, la Cooperativa adujo que, luego de vender el auto, la señora Sánchez Walker aún le adeudaba seis mil quinientos veinticinco dólares con setenta centavos ($6,525.70). Por lo cual, solicitó que se ordenara a la señora Sánchez Walker a satisfacer dicha cantidad, así como las costas, gastos y honorarios de abogado. Más adelante, el 21 de mayo de 2024, la Cooperativa presentó una *Moción Informativa al Expediente Judicial,* mediante la cual informó que emplazó personalmente, el 11 de mayo de 2024, a la señora Sánchez Walker en la siguiente dirección postal y residencial: 121 Res. Lloréns Torres, Apt. 2243, San Juan, Puerto Rico.[2]

Vencido el término correspondiente sin que la señora Sánchez Walker contestara la demanda en su contra, el 26 de marzo de 2025, la Cooperativa solicitó que se le anotara la rebeldía y, por consiguiente, se dictara la sentencia correspondiente. Consecuentemente, el mismo día, el Tribunal de Primera Instancia emitió la *Sentencia en Rebeldía,* mediante la cual declaró *Ha Lugar* la demanda.[3] Por consiguiente, el Foro Primario condenó a la señora Sánchez Walker a pagar a favor de la Cooperativa la suma de seis mil quinientos veinticinco dólares con setenta centavos ($6,525.70) por concepto de lo adeudado, así como trescientos veintiséis dólares ($326.00) por gastos, costas y honorarios de abogados. El referido dictamen fue notificado el 27 de marzo de 2025, por correo postal a la misma dirección en que la señora Sánchez Walker fue emplazada anteriormente.[4] Sin embargo, esta fue devuelta indicando: "*Return to Sender; Vacant*".

---

[2] *Íd.*, Entrada Núm. 3.
[3] *Íd.*, Entrada Núm. 16.
[4] *Íd.*, Entrada Núm. 17.

Posteriormente, el 8 de julio de 2025, la Cooperativa presentó una *Moción Solicitando Ejecución de Sentencia*.[5] Mediante esta, sostuvo que la señora Sánchez Walker no había satisfecho el dictamen en su contra, así como que los trámites realizados para lograr el pago de lo adeudado fueron infructuosos. Por lo cual, le solicitó al Tribunal de Primera Instancia que ordenara la ejecución de la sentencia a su favor. Sin embargo, el 16 de julio de 2025, el Foro Primario declaró *No Ha Lugar* la petición, al razonar que la notificación de la sentencia llegó devuelta.[6]

Inconforme, y tras denegada una solicitud de Reconsideración, el 20 de agosto de 2025, la Cooperativa presentó el recurso de *Certiorari* que nos ocupa, y señaló la comisión del siguiente error:

> ERRÓ EL TPI AL DECLARAR NO HA LUGAR A LA MOCIÓN DE EJECUCIÓN DE SENTENCIA BASADO EN QUE LA NOTIFICACIÓN DE SENTENCIA REALIZADA MEDIANTE CORREO POSTAL FUE DEVUELTA.

Transcurrido el término dispuesto en la Regla 37 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025), para que la señora Sánchez Walker presentara su alegato en oposición al recurso de epígrafe, no compareció por lo que dimos por perfeccionado el recurso.

**-II-**

**A. Certiorari**

El recurso de *Certiorari* es un mecanismo procesal que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Distinto al recurso de

---

[5] *Íd.*, Entrada Núm. 18.
[6] *Íd.*, Entrada Núm. 19.

apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de C*ertiorari* de manera discrecional. *García v. Padró,* 165 DPR 324, 334 (2005). Sin embargo, tal discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez*, supra, pág. 847.

Para decidir si expide o no el recurso, este tribunal intermedio debe evaluar los recursos de certiorari a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR 42, págs. 59-60, 215 DPR ___ (2025). La referida Regla establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*, a saber:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Íd.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que, de ordinario, el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias

extremas y cuando se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022).

## B. Notificación de Sentencia en Rebeldía

La anotación de rebeldía tiene como objetivo evitar que se utilice la dilación como estrategia de litigación. *González Pagán et al. v. SLG Moret-Brunet*, 202 DPR 1062, 1069 (2019). Este mecanismo procesal recurre a la coacción contra una parte que, a pesar de que se le dio la oportunidad de refutar una reclamación, opta por no defenderse por pasividad o temeridad. *Ocasio v. Kelly Servs.*, 163 DPR 653, 671 (2005). Con ese propósito, la Regla 45.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1 indica en qué contextos se puede sancionar con la rebeldía:

> Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.
>
> El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).
>
> Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).
>
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.
>
> *Íd.*, R. 45.1.

El foro adjudicador puede imponer la anotación de rebeldía cuando el demandante o querellado: (1) no comparece luego de haber sido debidamente emplazado; (2) no presenta una moción para defenderse, o (3) no presenta oportunamente su contestación

a la demanda o querella. *Mitsubishi Motor v. Lunor y otros*, 212 DPR 807, 824 (2023); *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 589 (2011). Igualmente, es meritoria la anotación cuando "una de las partes en el pleito ha incumplido con algún mandato del tribunal, lo que motiva a [e]ste a imponerle la rebeldía como sanción". *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 100 (2002).

Ahora bien, con relación a lo que nos ocupa, nuestro ordenamiento jurídico exige que, aun estando en rebeldía, se le notifique a las partes de la de la sentencia sea emitida en su día. *Falcón Padilla v. Maldonado Quirós,* 138 DPR 983, 991 (1995). A esos efectos, el debido proceso de ley exige que las órdenes, resoluciones y sentencias sean notificadas adecuadamente a las partes. *Berríos Fernández v. Vázquez Botet,* 196 DPR 245, 250 (2016); *Bco. Popular v. Andino Solís*, 192 DPR 172, 183 (2015); *Dávila Pollock et als. v. R.F. Mortgage*, 182 DPR 86, 94 (2011). En ausencia de esta, el dictamen no surtirá efecto ni podrá ser ejecutado. *Berríos Fernández v. Vázquez Botet,* supra, pág. 251; *Falcón Padilla v. Maldonado Quirós*, supra, pág. 990. Asimismo, será considerada como una notificación adecuada "aquella que se dirige específicamente a la parte o a su representación legal". *R & G Mortgage v. Arroyo Tores y otros,* 180 DPR 511, 525 (2010).

En específico, la Regla 65.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 65.3, establece lo siguiente:

> (a) Inmediatamente después de archivarse en autos copia de la notificación del registro y archivo de una orden, resolución o sentencia, el Secretario o Secretaria notificará tal archivo en la misma fecha a todas las partes que hayan comparecido en el pleito en la forma preceptuada en la Regla 67. **El depósito de la notificación en el correo será aviso suficiente a todos los fines para los cuales se requiera por estas reglas una notificación del archivo en autos de una orden, resolución o sentencia.**
> […]
> (c) En el caso de partes en rebeldía que hayan comparecido en autos, el Secretario o Secretaria le

notificará toda orden, resolución o sentencia a la última dirección que se haya consignado en el expediente por la parte que se autorepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9. **En el caso de partes en rebeldía que fueron emplazadas personalmente y nunca comparecieron, se le notificará la sentencia a la última dirección conocida.** En caso de desconocer la última dirección, se procederá a notificar la sentencia por edicto, de la misma forma como si la persona hubiera sido emplazada por edicto, según se describe a continuación. […]. (Énfasis nuestro).

Por tanto, cuando se conoce la identidad de la parte que se encuentra en rebeldía, el dictamen será notificado a la última dirección conocida. *Bco. Popular v. Andino Solís*, supra, pág. 182. El requisito esencial respecto a dicha dirección es que esta sea una en la cual la parte tenga una posibilidad razonable de advenir en conocimiento del dictamen. *Rivera v. Jaume,* 157 DPR 562, 578 (2002). Particularmente, nuestro Máximo Foro ha interpretado que la última dirección consignada en el expediente es un mecanismo eficaz, adecuado, razonablemente calculado y justo que cumple con el debido proceso de ley. *Colón Vega v. Díaz Lebrón*, 211 DPR 548, 560 (2023).

Asimismo, ha sido sostenido que, el hecho de que una parte que ha sido debidamente emplazada desaproveche los procedimientos y recursos judiciales disponibles, no invalida el hecho de que esta fue advertida correctamente. *Colón Vega v. Díaz Lebrón*, supra, pág. 559, citando a *Yumac Home v. Empresas Massó*, 194 DPR 96, 113 (2015). A tales efectos, en *Yumac Home v. Empresas Massó,* supra, págs. 113-114, nuestro Tribunal Supremo razonó lo siguiente:

¿Por qué hemos de pensar, entonces, que el envío a su última dirección conocida no es un mecanismo suficientemente eficaz, adecuado y justo —en cumplimiento con el debido proceso de ley— para notificar el resultado final del proceso? Ciertamente no existe ninguna razón válida. Como bien argumenta la parte peticionaria en su alegato, exigir que un demandante publique una sentencia por edicto para notificar a un demandado que, habiendo sido

emplazado personalmente, se cruzó de brazos u optó por no comparecer al pleito, es un esfuerzo y gasto innecesario para la parte demandante.

Por lo cual, se considera que, cuando una parte en rebeldía fue emplazada personalmente conforme a lo dispuesto en las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 4, la sentencia correspondiente deberá ser notificada a la última dirección conocida de esta. *Íd.*, pág. 114. Exigir otro tipo de notificación de la sentencia en estos casos, es innecesario y erróneo en derecho.

**-III-**

En el caso ante nos, el peticionario alegó que el Tribunal de Primera Instancia incidió al denegar la petición de ejecución de sentencia, tras razonar que la notificación del dictamen fue devuelta por el correo. En específico, arguyó que la recurrida fue emplazada personalmente, por lo que tenía pleno conocimiento de la reclamación en su contra y optó por no defenderse. Sostuvo que la dirección a la que se notificó la *Sentencia en Rebeldía* era la última dirección conocida, pues fue suministrada por la señora Sánchez Walker al solicitar el financiamiento del vehículo, al igual que correspondía a la ubicación en que fue emplazada personalmente.

Tal cual esbozado en el resumen doctrinal, al notificar una sentencia a una parte que se encuentra en rebeldía y que fue emplazada personalmente, la Regla 65.3 de Procedimiento Civil, *supra*, exige que se haga a la última dirección conocida. Esta debe ser una razonablemente calculada en la cual la parte pueda advenir en conocimiento de dicho dictamen. En el caso ante nos, la recurrida fue emplazada personalmente, pero no compareció, por lo que el Foro Primario le anotó la rebeldía y dictó la sentencia correspondiente.

Surge del expediente que la recurrida fue emplazada en la siguiente dirección: 121 Res. Lloréns Torres, Apt. 2243, San Juan,

Puerto Rico. Asimismo, se le notificó del referido dictamen a la misma ubicación, por ser la última dirección conocida. Sin embargo, el Foro Primario denegó la solicitud de ejecución de sentencia.

Es nuestra apreciación que el Tribunal de Primera Instancia incidió al actuar de dicha forma. Concluimos que la dirección en controversia fue razonablemente calculada, ya que fue suministrada por la recurrida al financiar el vehículo, y se le emplazó personalmente en esta.

### -IV-

Por los fundamentos antes esbozados, **expedimos** el recurso de *Certiorari* y **revocamos** la *Orden* recurrida. Devolvemos el caso para que continúen los procedimientos, conforme a lo aquí dispuesto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones